**Grisha ATSILOV, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

**No. 05–1431 AG.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 26, 2006.

Decided: Nov. 6, 2006.

---

Mark T. Kenmore, Buffalo, New York, for Petitioner.

Alan Burch, Assistant United States Attorney (Kenneth L. Wainstein, United States Attorney for the District of Columbia, and Madelyn E. Johnson and Heather R. Phillips, Assistant United States Attorney, on the brief), Washington, D.C., for Respondent.

Before: WALKER, LEVAL and RAGGI, Circuit Judges.

PER CURIAM:

Petitioner Grisha Atsilov asks this court to review the February 22, 2005 order of the Board of Immigration Appeals ("BIA") affirming without opinion the decision of Immigration Judge ("IJ") Michaelangelo Rocco (1) denying Atsilov's request pursuant to 8 U.S.C. § 1186a(c)(4) to lift the conditional basis of his permanent-resident status and, consequently, pretermitting his application for cancellation of removal and (2) ordering him removed from the United States.[1] *In re Atsilov,* No. A76–239–331 (B.I.A. Feb. 22, 2005), *aff'g* No. A 76–239–331 (Immig. Ct. Buffalo Feb. 25, 2004). We hold that 8 U.S.C. § 1252(a)(2)(B)(ii) deprives us of jurisdiction to review discretionary decisions and actions of the Attorney General. Section 1252(a)(2)(D) restored jurisdiction over such petitions only to the extent that the petition presents "constitutional claims or questions of law." Because Atsilov contends in his petition that, as a matter of law, the Attorney General was obligated to grant his request under § 1186a(c)(4), we have jurisdiction to review that legal question. However, we reject Atsilov's contention and hold that whether to grant the relief prescribed in § 1186a(c)(4) to an alien who is admittedly eligible for such relief is ultimately a decision of the Attorney General specified by that subsection to be in the Attorney General's discretion. Therefore, we lack jurisdiction to review a challenge to the exercise of that discretion, and Atsilov's petition must be denied.

**BACKGROUND**

Under the Immigration and Nationality Act ("INA"), the marriage of an alien to a United States citizen entitles the alien to petition for permanent-resident status, which is granted on a conditional basis if obtained in the first two years after the marriage. *See* 8 U.S.C. §§ 1151(b)(2)(A)(I), 1154(a)(1)(A), 1186a(a)(1) & (g)(1). The conditional basis

---

**1.** For the purposes of this issue, "removal" and "deportation" have the same meaning, *Lin Zhong v. DOJ,* 461 F.3d 101, 104 n. 2 (2d Cir.2006), and we use the terms interchangeably.

can be lifted if the couple jointly files a qualifying petition within 90 days before the second anniversary of the alien's receipt of permanent-resident status. *Id.* § 1186a(c)(1) & (d)(2). If the couple fails to file such a petition, the Attorney General, in his discretion, still may lift the conditional basis of the alien's status if the alien demonstrates one of three grounds for eligibility. 8 U.S.C. § 1186a(c)(4)(A)-(C). The INA labels relief under this subsection a "hardship waiver," a somewhat inaccurate term given that hardship is only one of the three possible grounds for eligibility. Nonetheless, like the INA, we use this term to refer to the entirety of § 1186a(c)(4).

In this petition, Atsilov challenges the Attorney General's refusal to grant him a hardship waiver under § 1186a(c)(4).[2] Atsilov obtained conditional permanent-resident status on December 9, 1997, based upon his marriage to a U.S. citizen, but the couple did not timely file the joint petition contemplated by § 1186a(c)(1). Thus, Atsilov could not remove the conditional status of his permanent-resident status absent a hardship waiver under § 1186a(c)(4), for which he applied in March 2000. A District Director of the Immigration and Naturalization Service ("INS") denied Atsilov's application for the hardship waiver and, furthermore, terminated Atsilov's permanent-resident status because of his failure to file a timely joint petition and placed Atsilov in removal proceedings.

*See* 8 C.F.R. § 216.5(f) (providing that if the director decides adversely on the alien's application for a hardship waiver, "the director shall advise the alien of the reasons therefor, notify the alien of the termination of his or her permanent residence status, instruct the alien to surrender any Permanent Resident Card issued by the Service and issue a notice to appear placing the alien in removal proceedings").[3]

In his removal proceedings, Atsilov did not dispute that he is deportable as an alien with permanent-resident status on a conditional basis who has had such status terminated. *See* 8 U.S.C. § 1227(a)(1)(D)(i).[4] Rather, he sought review of the director's denial of his application for a hardship waiver. *See* 8 C.F.R. § 216.5(f) ("No appeal shall lie from the decision of the director; however, the alien may seek review of such decision in removal proceedings."). The IJ found that Atsilov had established eligibility for a hardship waiver by demonstrating that he entered into his now-terminated qualifying marriage in good faith and was not at fault in failing to file a timely joint petition. *See* 8 U.S.C. § 1186a(c)(4)(B). The IJ next noted that the finding of statutory eligibility for a hardship waiver did not end the analysis because the ultimate decision whether to grant a hardship waiver is entrusted to the Attorney General's discretion. The IJ therefore balanced "factors evidencing [Atsilov's] undesirability as a

---

**2.** Neither party disputes that the District Director, IJ, and BIA were exercising powers properly delegated by the Attorney General.

**3.** Authority to terminate an alien's permanent-resident status is granted by 8 U.S.C. § 1186a(c)(2)(A), which directs the Attorney General to "terminate the permanent resident status of [an] alien [who has not timely filed a joint petition] as of the second anniversary of the alien's lawful admission for permanent residence."

**4.** 8 U.S.C. § 1227(a)(1)(D)(i) provides, "Any alien with permanent resident status on a conditional basis under section 1186a of this title ... who has had such status terminated under such respective section is deportable." An exception provides that this clause "shall not apply in the cases described in section 1186a(c)(4) of this title." *Id.* § 1227(a)(1)(D)(ii). Atsilov conceded his deportability below and does not contest that status here.

permanent resident with the social and humane considerations presented on his behalf." *In re Atsilov,* No. A 76–239–331. Ultimately, the IJ denied the hardship waiver, concluding that favorable exercise of discretion was not warranted. Because Atsilov's permanent-resident status remained terminated, the IJ terminated Atsilov's cancellation-of-removal application for statutory ineligibility and ordered Atsilov removed from the United States. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision directly as the final agency determination.

## DISCUSSION

It is an issue of first impression in this circuit whether we have jurisdiction to review the Attorney General's decision to deny a hardship waiver to an alien who has admittedly established one of the three grounds for eligibility for a hardship waiver described in § 1186a(c)(4).

8 U.S.C. § 1252(a)(2)(B)(ii) negates our jurisdiction to review a "decision or action of the Attorney General … the authority for which is specified under this subchapter to be in the discretion of the Attorney General." The phrase "this subchapter" refers to subchapter II of chapter 12 of title 8 of the United States Code, which includes the hardship-waiver provision of 8 U.S.C. § 1186a. However, under § 1252(a)(2)(D), which preserves our jurisdiction to review "constitutional claims or questions of law," we have jurisdiction to review the legal question of whether the Attorney General was required as a matter of law to grant Atsilov's request under § 1186a(c)(4). Should we determine that this decision was committed to the Attorney General's discretion, § 1252(a)(2)(B)(ii) deprives us of jurisdiction to review a challenge to that exercise of discretion.

At oral argument, Atsilov conceded that the IJ exercised his discretion in denying the hardship waiver. Atsilov does not address this jurisdictional bar in his brief, but he seems to think that § 1186a(c)(4) would escape the bar because that provision does not specify that the Attorney General may decide in his discretion to deny a hardship waiver to an alien after finding one of the three statutory eligibility requirements met. We gather this from Atsilov's argument that the IJ could not have permissibly denied the waiver based on evidence not relevant to the eligibility conditions described in § 1186a(c)(4). We disagree.

The text of § 1186a(c)(4) plainly commits to the Attorney General's discretion the choice of whether to remove the conditions on an alien's permanent-resident status once the alien demonstrates one of three conditions. Section 1186a(c)(4) reads in full:

> The Attorney General, in the Attorney General's discretion, *may* remove the conditional basis of the permanent resident status for an alien who fails to [file a timely joint petition] if the alien demonstrates that—
>
> (A) extreme hardship would result if such alien is removed,
>
> (B) the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to [file a timely joint petition], or
>
> (C) the qualifying marriage was entered into in good faith by the alien spouse and during the marriage the alien spouse or child was battered by or was the subject of extreme cruelty perpetrated by his or her spouse or citizen or permanent resident parent

and the alien was not at fault in failing to [file a timely joint petition].

In determining extreme hardship, the Attorney General shall consider circumstances occurring only during the period that the alien was admitted for permanent residence on a conditional basis. In acting on applications under this paragraph, the Attorney General shall consider any credible evidence relevant to the application. The determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General. The Attorney General shall, by regulation, establish measures to protect the confidentiality of information concerning any abused alien spouse or child, including information regarding the whereabouts of such spouse or child.

8 U.S.C. § 1186a(c)(4) (emphasis added).

The statute provides that if certain conditions are established, the Attorney General "in [his] discretion" "may"—not "shall"—grant the waiver. We have held repeatedly that language such as "the Attorney General may, in his discretion, [grant some relief]" specifies that an ultimate decision whether to grant relief is entrusted to the discretion of the Attorney General, thus invoking the jurisdictional bar of § 1252(a)(2)(B)(ii). *Avendano–Espejo v. DHS*, 448 F.3d 503, 505 (2d Cir. 2006) (per curiam) (holding that we lack jurisdiction under § 1252(a)(2)(B)(ii) to review a decision to deny a waiver of removal under a provision providing that an alien "may be admitted in the discretion of the Attorney General"); *Saloum v. U.S. Citizenship & Immig. Servs.*, 437 F.3d 238, 242 (2d Cir.2006) (per curiam) (holding that the plain language of § 1252(a)(2)(B)(ii) bars judicial review of a decision to deny a waiver of inadmissibility pursuant to a provision specifying that the Attorney General "may, in his discretion"

grant the waiver); *see also INS v. Yueh–Shaio Yang*, 519 U.S. 26, 29–31, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996) (holding that a statute prescribing that deportation "may, in the discretion of the Attorney General, be waived for any alien ... who [meets certain conditions]" "imposes no limitation on the factors that the Attorney General ... may consider in determining who, among the class of eligible aliens, should be granted relief"). Likewise, the hardship-waiver provision does so here. Thus, we hold that § 1252(a)(2)(B)(ii) deprives us of jurisdiction to review the Attorney General's discretionary decision under § 1186a(c)(4) to deny relief to an alien who is eligible for relief under the terms of that subsection.

In reaching this holding, there is no cause for us to join either side in the disagreement among our sister circuits about whether courts can review the threshold eligibility determination of § 1186a(c)(4). *Compare Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir.2004) (per curiam) (holding that § 1252(a)(2)(B)(ii) bars jurisdiction), *and Urena–Tavarez v. Ashcroft*, 367 F.3d 154, 159–60 (3d Cir. 2004) (same), *with Oropeza–Wong v. Gonzales*, 406 F.3d 1135, 1143 (9th Cir.2005) (holding that courts may review BIA decisions that an eligibility condition was not demonstrated), *and Cho v. Gonzales*, 404 F.3d 96, 102 (1st Cir.2005) (same). That question is not presented to us. The IJ here expressly found Atsilov eligible for a hardship waiver, so the question before us is solely whether the IJ has a further ability under § 1186a(c)(4) to deny the waiver in his discretion. On this question, our sister circuits agree. *See, e.g., Nyonzele v. INS*, 83 F.3d 975, 980 (8th Cir.1996) ("Once the alien demonstrates that he is statutorily eligible for the waiver [under § 1186a(c)(4) ] ..., the decision of whether to grant a hardship waiver ... is also expressly committed to the discretion of

the Attorney General."); *see also Cho,* 404 F.3d at 99; *Urena–Tavarez,* 367 F.3d at 160 (noting that § 1186a(c)(4) "mak[es] clear that the waiver may [be withheld] even if the legal requirements of the three waiver qualifications are met"); *Damon v. Ashcroft,* 360 F.3d 1084, 1090 (9th Cir. 2004).

Atsilov places emphasis on the sentence in § 1186a(c)(4) stating that "the Attorney General shall consider any credible evidence relevant to the application." He argues the IJ erred by denying relief based upon evidence not relevant to the threshold eligibility qualifications. Atsilov's reliance on this sentence is misplaced. Even if this sentence could somehow limit the evidence that the IJ may consider to "evidence relevant to the application," it is certainly part of the application process for the IJ to decide whether the petitioner warrants a favorable exercise of his discretion to grant the waiver. Thus, any evidence relevant to this unreviewable discretionary decision may permissibly be considered.

Finally, Atsilov contends that the IJ violated Due Process by considering evidence of his desirability as a permanent resident. This argument is simply a challenge to the IJ's exercise of discretion. Such claims fall outside of the jurisdiction-restoring provisions of § 1252(a)(2)(D). *Saloum,* 437 F.3d at 243–44 (rejecting the petitioner's attempt to "dress up" his challenge to an IJ's discretionary decision by "talismanic invocation of the language of 'due process' ").

\*    \*    \*    \*    \*    \*

For the foregoing reasons, Atsilov's petition is denied.