10-4151-ag
Mohammed v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand and eleven.

PRESENT:

JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

SHAHID MOHAMMED,

*Petitioner*,

v.                                          10-4151-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

*Respondent.*

_____

**FOR PETITIONER:**     Patricia Camuzzi Luber, Jules E. Coven, Kerry W. Bretz,
                        Bretz & Coven, LLP, New York, New York.

**FOR RESPONDENT:**     Tony West, Assistant Attorney General; Greg D. Mack,
                        Senior Litigation Counsel; Colin J. Tucker, Trial Attorney,
                        Office of Immigration Litigation, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED.

Shahid Mohammed, a native and citizen of Pakistan, seeks review of a September 17, 2010 order of the BIA, affirming the June 11, 2010 decision of an immigration judge ("IJ"), which denied his applications for waivers of inadmissibility under Immigration and Nationality Act ("INA") §§ 212(h) and 212(i) and ordered him removed to Pakistan. *In re Mohammed*, No. A075 924 069 (B.I.A. Sept. 17, 2010), *aff'g* No. A075 924 069 (Immig. Ct. N.Y. City June 11, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review *de novo* constitutional claims and questions of law. *See Guo Qi Wang v. Holder*, 583 F.3d 86, 90 (2d Cir. 2009).

DISCUSSION

Under 8 U.S.C. § 1252(a)(2)(B), we lack jurisdiction to review the agency's denial of discretionary relief under INA §§ 212(h) and 212(i). *See Atsilov v. Gonzales*, 468 F.3d 112, 116–17 (2d Cir. 2006) (where IJ found petitioner statutorily eligible for a hardship waiver but denied relief, "the question before us is solely whether the IJ ha[d] a further ability . . . to deny the waiver in his discretion," which is an "unreviewable discretionary decision"). In addition, 8 U.S.C. § 1252(a)(2)(C) precludes our jurisdiction where, as here, the alien was found removable "by reason of having committed a criminal offense covered in" INA Section 212(a)(2). *Maiwand v. Gonzales*, 501 F.3d 101, 104 (2d Cir. 2007). Nonetheless, we retain jurisdiction to review "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D); *see also Gui Yin Liu v. INS*, 508 F.3d 716, 721–22 (2d Cir. 2007).

2

Mohammed's arguments do not raise legal or constitutional issues, but instead essentially take issue with the agency's exercise of discretion. We therefore lack jurisdiction to review his claims. *See Maiwand*, 501 F.3d at 104–05. The thrust of Mohammed's argument is that the agency, in arriving at its conclusion that an exercise of its discretion was not warranted, did not sufficiently consider evidence of his rehabilitation, the hardship to himself and his family, and his personal and business ties to the United States (including the length of his residence in this country). This is a quarrel with the weight the agency accorded to various equitable factors in arriving at its conclusion that a waiver was not warranted as a matter of discretion, rather than an assignment of error in law. We therefore lack jurisdiction to review his arguments. *See Liu*, 508 F.3d at 721–22.

In any event, Mohammed's assertions that the agency ignored evidence would not raise a colorable legal claim. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008). Contrary to Mohammed's arguments, the BIA discussed evidence of his rehabilitation, the hardship to his family, and the hardship to himself. In addition, although Mohammed contends that the BIA did not explicitly discuss certain details of the equities in his favor, because the record does not compellingly suggest that the agency ignored this evidence, his argument is without merit. *See Contreras-Salinas v. Holder*, 585 F.3d 710, 714–15 (2d Cir. 2009).

Finally, Mohammed's argument that the agency's alleged legal errors also constitute a violation of his right to due process does not raise a colorable constitutional claim. *See Atsilov*, 468 F.3d at 117; *Saloum v. U.S. Citizenship & Immigration Servs.*, 437 F.3d 238, 243 (2d Cir. 2006) (noting that the "talismanic invocation of the language of 'due process' itself [does not suffice] to provide this Court with jurisdiction to review petitioner's claims").

## CONCLUSION

For the foregoing reasons, the petition for review is DISMISSED. As we have completed

3

our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court