12-485-ag
Moody v. Holder

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of April, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
         JOHN M. WALKER, JR.,
         DENNY CHIN,
                 Circuit Judges.
- - - - - - - - - - - - - - - - - - - - - - -x

WINSOME ELAINE MOODY, AKA WINSOME ELAINE
MONTAGUE,

                 Petitioner,

                 -v.-                          12-485-ag

ERIC H. HOLDER, JR., United States
Attorney General,

                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:          GLENN T. TERK, Wethersfield,
                         Connecticut.

FOR RESPONDENT:          ERNESTO H. MOLINA, JR., Senior
                         Litigation Counsel (Jessica E.
                         Sherman, Trial Attorney, Stuart F.
                         Delery, Acting Assistant Attorney

General, Keith I. McManus, Senior Litigation Counsel, on the brief), United States Department of Justice, Washington, District of Columbia.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioner Winsome Elaine Moody, a native and citizen of Jamaica, seeks review of a January 20, 2012 decision of the BIA, affirming the December 1, 2009 decision of Immigration Judge ("IJ") Michael W. Straus denying her application for a waiver of the requirement to file a joint petition to remove the conditions on her lawful permanent resident status. See In re Moody, No. A028 326 025 (B.I.A. Jan. 20, 2012), aff'g No. A028 326 025 (Immig. Ct. Hartford Dec. 1, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the Immigration and Nationality Act (the "INA"), an alien who marries a United States citizen may petition for lawful permanent resident status, which is granted on a conditional basis if obtained in the first two years after the marriage. See 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154(a)(1)(A),

1186a(a)(1), (g)(1) (2006).[1]  This conditional permanent resident status will be terminated where, <u>inter alia</u>, the couple fails to file, before the second anniversary of the alien's receipt of conditional permanent resident status, a joint petition to the Secretary of Homeland Security seeking to remove the conditions. See <u>id.</u> § 1186a(c)(1)(A), (c)(2)(A)(i).

Nevertheless, the Attorney General, in his discretion, may excuse a conditional permanent resident's failure to file a joint petition to remove the conditions if she demonstrates that, <u>inter alia</u>, "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to [file a timely joint petition]."  <u>Id.</u> § 1186a(c)(4)(B).

In this case, petitioner had her status adjusted by the Immigration and Naturalization Service ("INS") to that of a conditional permanent resident in 1987, based on her marriage to William Moody ("Moody"), a United States citizen.  Her conditional permanent resident status was terminated in 1989 by the INS after she and Moody failed to jointly petition for removal of the conditions.  In 2008, the U.S. Citizenship and

---

[1]     Although the INA was amended in 2011, <u>see</u> Pub. L. No. 112-58, § 1, 125 Stat. 747 (2011), we refer to the version of the INA in effect at the time petitioner applied for the waiver.

Immigration Services denied petitioner's application, made in 2002, for a waiver of that requirement, pursuant to 8 U.S.C. § 1186a(c)(4)(B), finding that she failed to establish that her marriage to Moody was "entered into in good faith." In petitioner's removal proceedings, the BIA affirmed the IJ's denial of her renewed application for such a waiver.

Where, as here, the BIA adopts the IJ's reasoning and supplements the IJ's decision, we review the IJ's decision as supplemented by the BIA. See Boluk v. Holder, 642 F.3d 297, 301 (2d Cir. 2011). Under 8 U.S.C. § 1252(a)(2)(B)(ii), we generally lack jurisdiction to review a discretionary decision of the Attorney General.[2] See Contreras-Salinas v. Holder, 585 F.3d 710, 713 (2d Cir. 2009) (per curiam). Although petitioner has argued that this Court has jurisdiction because petitioner's waiver application was filed in 2002, prior to the 2005 enactment of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231,

---

[2]    Although we have not decided whether we have jurisdiction to review the agency's threshold determination that a petitioner has not established eligibility for a waiver under 8 U.S.C. § 1186a(c)(4) -- an issue on which our sister circuit courts are divided, see Contreras-Salinas v. Holder, 585 F.3d 710, 713 (2d Cir. 2009) (per curiam); Atsilov v. Gonzales, 468 F.3d 112, 116-17 (2d Cir. 2006) (per curiam) --  we need not resolve the issue at this time because petitioner's claims challenge only factual determinations and the weight given to certain evidence by the agency.

the statutory provision that bars judicial review of such discretionary decisions by the Attorney General was introduced in 1996, in the Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, 110 Stat. 3009, see 8 U.S.C. § 1252(a)(2)(B)(ii) (2000).  We retain jurisdiction to review constitutional claims or questions of law raised in a petition for review, and we review those claims de novo.  See 8 U.S.C. § 1252(a)(2)(D); Boluk, 642 F.3d at 301; Atsilov v. Gonzales, 468 F.3d 112, 113 (2d Cir. 2006) (per curiam).  "The amount of weight to be accorded any particular fact raises no question of law and is accordingly not within this Court's jurisdiction to review the agency's determination."  Boluk, 642 F.3d at 304; see also 8 U.S.C. § 1186a(c)(4) ("The determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General.").

Because petitioner challenges only the agency's factual determinations and the weight given to certain evidence, we lack jurisdiction to review her claims.  Although petitioner attempts to frame her challenge as a question of law by stating that the agency "'totally overlooked' and/or 'seriously mischaracterized'" certain items of evidence and statements of purported witnesses, Pet. Br. 5, the decisions of the IJ and the

BIA belie this argument.  Cf. Mendez v. Holder, 566 F.3d 316,

323 (2d Cir. 2009) (per curiam) (finding error of law where the

agency "totally overlooked" and "seriously mischaracterized"

certain factors important to the determination of petitioner's

claim).

Both the IJ and the BIA acknowledged petitioner's

divorce decree, testimony from petitioner, and statements and

letters from her brother, friends, and physician, indicating

that she left her husband due to his abuse and that the reason

she lacked documentary evidence of her marriage was due to the

circumstances in which she left the marital home and the length

of time that had passed since the marriage ended.  See In re

Moody, No. A028 326 025, at 3, 8 (Immig. Ct. Hartford Dec. 1,

2009); In re Moody, No. A028 326 025, at 1-2 (B.I.A. Jan. 20,

2012).  After considering all of this evidence, however, the

agency rejected petitioner's claim, in part due to discrepancies

and internal inconsistencies that cast doubt on the credibility

of the evidence offered.  See In re Moody, No. A028 326 025, at

8-9 (Immig. Ct. Hartford Dec. 1, 2009); In re Moody, No. A028

326 025, at 2 (B.I.A. Jan. 20, 2012).  Rather than raising

constitutional claims or questions of law, petitioner's

arguments amount to "what is essentially a quarrel about fact-

finding or the exercise of discretion" by the agency.  Barco-

- 6 -

<u>Sandoval v. Gonzales</u>, 516 F.3d 35, 39 (2d Cir. 2008) (citation and internal quotation marks omitted).  Accordingly, we lack jurisdiction to review the agency's decision.  <u>See</u> <u>Contreras-Salinas</u>, 585 F.3d at 713-14.

We have considered all of petitioner's contentions in support of this Court's jurisdiction and have found them to be without merit.  For the foregoing reasons, the petition for review is **DISMISSED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk