10-4159-ag
Bah v. Holder

BIA
Bukszpan, IJ
A099 928 088

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of February, two thousand eleven.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

MAMADOU ALIMOU BAH,
> *Petitioner,*

v.                                              10-4159-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York,
                         New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Daniel E. Goldman, Senior
                         Litigation Counsel; Jonathan
                         Robbins, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Mamadou Alimou Bah, a native and citizen of Guinea, seeks review of a September 20, 2010, order of the BIA, affirming the December 1, 2008, decision of Immigration Judge ("IJ") Joanna M. Bukszpan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Alimou Bah*, No. A099 928 088 (B.I.A. Sept. 20, 2010), *aff'g* No. A099 928 088 (Immig. Ct. N.Y.C. Dec. 1, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the BIA and the IJ. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B)*; Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For applications like this one, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum

2

applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether any inconsistencies, inaccuracies, or falsehoods go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007). Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence.

In finding Bah to be incredible, the agency reasonably determined that aspects of his testimony were implausible – such as his contention that he lied about his alleged imprisonment from February through May 2006 by telling his employer, the Peace Corps, that he was on vacation and that, when he returned to work, he requested and was granted permission to take another vacation shortly thereafter. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (holding that where the IJ's findings are "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived" the Court will not disturb the inherent implausibility finding).

Although Bah argues that the agency failed to address his explanations for a medical record he submitted, dated during the time of his imprisonment, given his varying and inconsistent explanations regarding this record, the agency reasonably found that the document supported an adverse credibility determination. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (finding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). It is true, as Bah points out, that neither the IJ nor the BIA explicitly evaluated his explanations for the medical record's date. However, "where it is apparent from the record that consideration was given to an applicant's testimony . . . it is not necessary for the IJ to recite any particular verbal formula." *Pavlova v. INS*, 441 F.3d 82, 89 (2d Cir. 2006). Here, the IJ noted Bah's explanations in his oral decision, thereby demonstrating his consideration of them. *Cf. Contreras-Salinas v. Holder*, 585 F.3d 710, 714-15 (2d Cir. 2009) (finding an IJ's decision adequate where the IJ did not "explicitly mention[]" certain evidence but "did note that 'in the record are some documents that the respondent

4

provided' and that he 'considered the evidence in the entirety'" (alterations omitted)).

In finding Bah to be incredible, the agency also relied in part on a discrepancy between his visa application and his statements during a 2007 asylum interview regarding his marital status. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that an adverse credibility determination may be based on "the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made)"); *Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006) (finding adverse credibility determination may be supported by record of asylum interview if it contains a "meaningful, clear, and reliable summary of the statements made by [the applicant] at the interview") (internal quotation mark omitted). Bah was questioned about this inconsistency during the proceeding before the IJ, although the transcript of this part of the proceeding has not been included in the administrative record. Remand on this basis is not required, however, as even assuming that a reasonable factfinder would be compelled to accept any explanation for this discrepancy Bah may have proffered, the agency's adverse credibility determination was also based on

5

other significant grounds.  *See Singh v. BIA*, 438 F.3d 145, 149-50 (2d Cir. 2006) (finding remand would be futile where, although adverse credibility determination was based on two erroneous grounds, the Court could "confidently predict that the IJ would render the same decision in the absence of the errors" because the determination was supported by numerous other grounds) (internal quotation marks omitted).

Finally, although Bah challenges the IJ's finding that his corroborating documents were entitled to little weight because they were not notarized at an embassy, the BIA did not rely on this ground in dismissing his appeal and, as discussed above, the adverse credibility finding is supported on other bases – Bah's implausible testimony that his employer would permit him to take a vacation to America shortly after his more than two month absence from work which Bah also told his employer was a "vacation," as well as his submission of a medical record dated during the time of his supposed imprisonment.  Given these inconsistencies, substantial evidence supports the adverse credibility determination, and the agency did not err in denying Bah's applications for asylum, withholding of removal, and CAT relief, as those claims were all based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk