08-4611-ag
Contreras-Salinas v. Holder

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2009

(Argued: October 8, 2009                           Decided:  October 27, 2009 )

Docket No. 08-4611-ag

YSABEL CONTRERAS-SALINAS,

*Petitioner*,

v.

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent.*[*]

Before: MINER and CABRANES, *Circuit Judges*, KORMAN, *District Judge.*[**]

Petitioner seeks review of a decision of the Board of Immigration Appeals affirming the decision and order of an immigration judge denying petitioner's request for a "good faith marriage waiver" under 8 U.S.C. § 1186a(c)(4)(B) and ordering her removal.  Because petitioner challenges a determination committed to the sole discretion of the Attorney General—namely, the credibility and weight accorded to certain evidence—we lack jurisdiction to review her claims.

Petition dismissed.

GLENN T. TERK, Wethersfield, CT, *for Petitioner Ysabel Contreras-Salinas.*

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

[**] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

RUSSELL J.E. VERBY, Senior Litigation Counsel, Office of Immigration Litigation (Michael F. Hertz, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, Office of Immigration Litigation, *on the brief*) Civil Division, U.S. Department of Justice, Washington, DC, *for Respondent Eric H. Holder, Jr.*

PER CURIAM:

Petitioner Ysabel Contreras-Salinas ("petitioner" or "Contreras") seeks review of an August 22, 2008 decision of the Board of Immigration Appeals ("BIA") affirming the June 22, 2007 decision and order of an immigration judge ("IJ") denying petitioner's request for a "good faith marriage waiver" under 8 U.S.C. § 1186a(c)(4)(B) and ordering her removal. Petitioner argues that the IJ "failed to weigh" all material evidence showing that her first marriage was entered into in good faith. Because petitioner challenges a determination left to the sole discretion of the Attorney General, we lack jurisdiction to review her claims.

## BACKGROUND

Petitioner is a native and citizen of Peru who came to the United States on October 15, 1994 as a nonimmigrant visitor. Shortly after her arrival she married Ramon Arroyo ("Arroyo"), a citizen of the United States, on December 17, 1994, in Hartford, Connecticut. On September 15, 1995, petitioner's status was adjusted to that of a conditional permanent resident. To obtain that adjustment she had to secure a waiver pursuant to 8 U.S.C. § 1182(i)(1) because her initial entry into the United States had been procured by fraud.[1]

---

[1] This subsection provides, in relevant part:

> The Attorney General may, in the discretion of the Attorney General, waive the [inadmissibility of an alien who fraudulently procures admission] in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien . . . .

As a conditional permanent resident, Contreras was required to petition for removal of her conditional status within 90 days of the second anniversary of obtaining permanent resident status and submit to a personal interview before immigration officials. 8 U.S.C. § 1186a(c)(1).[2] In April 1997, prior to the time period during which she could petition for removal of conditional status, Contreras and Arroyo separated. In September 1997 Contreras and Arroyo filed a joint application for removal of conditional status as required by 8 U.S.C. § 1186a(c)(1)(A), but subsequently were divorced and failed to appear at the interview concerning the application. Her application was accordingly denied without objection on February 23, 1999.

Thereafter, on March 12, 1999, Contreras filed an application for a "good faith marriage

---

8 U.S.C. § 1182(i)(1). Contreras admitted to having misled immigration officials about her intention to reside in the United States and therefore required a waiver to obtain conditional permanent resident status.

[2] This subsection provides:

In order for the conditional basis established under subsection (a) of this section for an alien spouse or an alien son or daughter to be removed--

> (A) the alien spouse and the petitioning spouse (if not deceased) jointly must submit to the Attorney General, during the period described in subsection (d)(2) of this section, a petition which requests the removal of such conditional basis and which states, under penalty of perjury, the facts and information described in subsection (d)(1) of this section, and

> (B) in accordance with subsection (d)(3) of this section, the alien spouse and the petitioning spouse (if not deceased) must appear for a personal interview before an officer or employee of the Service respecting the facts and information described in subsection (d)(1) of this section.

8 U.S.C. § 1186a(c)(1).

Subsection (d)(2)(A) states that "the petition under subsection (c)(1)(A) of this section must be filed during the 90-day period before the second anniversary of the alien's obtaining the status of lawful admission for permanent residence,"*id.* § 1186a(d)(2)(A), and subsection (d)(3) provides that "[t]he interview under subsection (c)(1)(B) of this section shall be conducted within 90 days after the date of submitting a petition under subsection (c)(1)(A) of this section," *id.* § 1186a(d)(3).

waiver" of the § 1186a(c)(1) requirements pursuant to 8 U.S.C. § 1186a(c)(4)(B).[3] The Department of Homeland Security denied the waiver request on October 31, 2000, finding that Contreras failed to prove that her marriage to Arroyo was entered into in good faith, and thereafter commenced removal proceedings.

A hearing on the merits of petitioner's removal was held before an IJ on June 22, 2007, at which petitioner challenged the denial of her waiver application. In a decision and order entered on June 22, 2007, the IJ concluded that petitioner had not established that her first marriage was bona fide. In particular, he expressed concern that some of the documents she submitted appeared to have been falsified and created in an attempt to "buttress her Immigration claim" and "mislead the Immigration authorities." J.A. 25. Accordingly, the IJ affirmed the denial of the good faith marriage waiver and ordered petitioner removed to Peru. That decision was appealed to the BIA, which dismissed the appeal in a written decision on August 22, 2008.

## DISCUSSION

### I.

This petition raises a threshold question of our jurisdiction to review the discretionary decision

---

[3] This subsection provides, in relevant part:

The Attorney General, in the Attorney General's discretion, may remove the conditional basis of the permanent resident status for an alien who fails to meet the requirements of paragraph (1) if the alien demonstrates that
. . . .

> (B) the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to meet the requirements of paragraph (1),
> . . . .

. . . In acting on applications under this paragraph, the Attorney General shall consider any credible evidence relevant to the application. The determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General.

8 U.S.C. § 1186a(c)(4).

4

of the Attorney General to grant or deny a waiver under 8 U.S.C. § 1186a(c)(4).  Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), we lack jurisdiction to review a "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified *under this subchapter* to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of [asylum]." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). *But see id.* § 1252(a)(2)(D) ("Nothing in subparagraph (B) . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law . . . ."). The phrase "this subchapter" refers to subchapter II of chapter 12 of title 8 of the United States Code, which includes the waiver provisions of 8 U.S.C. § 1186a(c)(4).  *See Atsilov v. Gonzales*, 468 F.3d 112, 115 (2d Cir. 2006).  This jurisdiction-stripping provision is part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546, much of which, the Supreme Court has observed, is "aimed at protecting the Executive's discretion from the courts—indeed, that can fairly be said to be the theme of the legislation." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486 (1999).

Section 1186a(c)(4) explicitly provides that "[t]he Attorney General, *in the Attorney General's discretion*, may" waive the requirements of § 1186a(c)(1) for eligible aliens.  *See* 8 U.S.C. § 1186a(c)(4) (emphasis added).  The statute further provides that "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the *sole discretion of the Attorney General.*" *Id.* (emphasis added).  In *Atsilov v. Gonzales* we held that we lack jurisdiction to review the decision to deny a good faith marriage waiver where eligibility for the waiver has been established but the agency nevertheless has exercised its discretion to deny relief.  468 F.3d at 116.

Here, unlike in *Atsilov*, petitioner was not deemed eligible for a waiver because her first marriage, the IJ concluded, was not entered into in good faith.  She now challenges that determination

5

of ineligibility. Whether such determinations are insulated from judicial review is an issue that has divided our sister Circuits. *Compare Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (holding that determination of eligibility for a waiver cannot be reviewed), *and Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 159-60 (3d Cir. 2004) (same), *with Nguyen v. Mukasey*, 522 F.3d 853, 855 (8th Cir. 2008) (holding that determination of eligibility for a waiver is *not* discretionary and therefore is subject to review); *Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1142 (9th Cir. 2005) (same); *Cho v. Gonzales*, 404 F.3d 96, 101-02 (1st Cir. 2005) (same). We need not choose a side in this debate, however, because the specific nature of petitioner's claim clearly precludes judicial review.

## II.

Regardless of the disagreement among our sister Circuits on the Attorney General's discretion to determine eligibility for waivers under 8 U.S.C. § 1186a(c)(4), the statute does clearly commit to the Attorney General's "sole discretion" the determination of "what evidence is credible and the weight to be given that evidence." 8 U.S.C. § 1186a(c)(4); *see Cho*, 404 F.3d at 101 ("[W]e certainly have no quarrel with the conclusion that § 1252(a)(2)(B)(ii) precludes court review of petitions [directed at the Attorney General's credibility determinations and the weight he gave to the evidence that he credited]."). Because we conclude that petitioner's claims challenge only credibility determinations and the weight given to evidence by the IJ and BIA, we lack jurisdiction over her claims.[4]

---

[4] In *Oropeza-Wong* the Ninth Circuit held that, despite the clear language committing credibility determinations to the "*sole discretion* of the Attorney General," 8 U.S.C. § 1186a(c)(4) (emphasis added), courts nevertheless retain jurisdiction to review such determinations. *Oropeza-Wong*, 406 F.3d at 1143. In doing so it relied on the legislative history of the Violence Against Women Act of 1994 ("VAWA"), which added the language concerning credibility determinations to § 1186a(c)(4). *Id.* at 1144-45. The Ninth Circuit concluded that the "statutory history . . . demonstrates beyond any question . . . that Congress adopted this language for the specific purpose of putting a stop to immigration officials' practice of employing overly-strict evidentiary rules when determining the credibility of battered women, and *not* in order to limit judicial review of credibility decisions." *Id.* at 1143.

We disagree with the Ninth Circuit's interpretation of this provision. Aside from its resort to the legislative history of the VAWA in the face of unambiguous statutory language, *see Lee v. Bankers Trust Co.*, 166 F.3d 540, 544 (2d Cir. 1999) ("Legislative history and other tools of interpretation may be relied upon only if the terms of the statute are ambiguous."), the Ninth Circuit fails to discuss the subsequent enactment of the IIRIRA or to acknowledge its "theme" of "protecting the Executive's discretion from the courts." *See Reno*, 525 U.S. at 486. Regardless of why Congress

6

Petitioner claims that the IJ "failed to weigh the material evidence" showing that her marriage to Arroyo was entered into in good faith. Pet'rs Br. iv, 6. In particular, she argues that the IJ failed to consider certain evidence, including (1) the § 1182(i) waiver she obtained in 1995, (2) evidence of a joint bank account in her name and her husband's, and (3) certain affidavits and testimony. Where the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

Here, the record reveals that the agency considered all of petitioner's evidence but either found it lacking in credibility or outweighed by evidence suggesting petitioner's marriage was a sham. Although the IJ did not mention the § 1182(i) waiver, the BIA acknowledged this evidence. With respect to affidavits and testimony, the IJ explicitly acknowledged the "uncorroborated affidavits and testimony of [petitioner's] ex-sister-in-law" but found that they did "not overcome the overall lack of documentation, and the Court's concerns with the validity of [certain documentary evidence]." J.A. 25. Finally, although neither the IJ nor the BIA explicitly mentioned evidence of petitioner's joint bank account, the IJ did note that "[i]n the record[ ] are some documents that the respondent provided" and that he "consider[ed] the evidence in the entirety" in reaching his conclusions. J.A. 22-23, 25; *cf. Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that the agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)); *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n.13 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record *compellingly* suggests otherwise. Accordingly, the IJ need not engage in robotic incantations to make clear that he has considered and rejected a petitioner's proffered explanation." (emphasis added) (internal quotation marks omitted)). Although he may not have discussed all of

initially placed credibility determinations within the "sole discretion of the Attorney General," its subsequent enactment of the IIRIRA demonstrates an unambiguous intent to limit judicial review of those determinations.

petitioner's evidence purporting to show a good faith marriage, it is apparent from the IJ's decision that he found that evidence to be not credible and outweighed by documents that he found were "not . . . bona fide" and created to mislead immigration authorities. *See* J.A. 25.

Accordingly, regardless of how petitioner characterizes her claim, she is essentially challenging the agency's credibility determinations and the relative weight it accorded to evidence. Because such determinations are explicitly committed to the sole discretion of the Attorney General, we lack jurisdiction to review them.

## CONCLUSION

In sum, we conclude that we lack jurisdiction to consider petitioner's challenge to the agency's credibility determinations and weighing of evidence. For the foregoing reasons the petition for review is **DISMISSED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED**.