09-1947-ag
Bonilla-Cruz v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# AMENDED SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand and ten.

PRESENT:

> AMALYA L. KEARSE,
> JOSÉ A. CABRANES,
>            *Circuit Judges*,
> RICHARD K. EATON,
>            *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARCELINO BONILLA-CRUZ,

> *Petitioner*,

> -v.-                                                        No.09-1947-ag

ERIC H. HOLDER, JR., Attorney General of the United States,

> *Respondent*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**                            GLENN L. FORMICA, New Haven, CT.

---

[*] The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

1

**FOR RESPONDENT:**

MICHAEL HEYSE (Tony West, Assistant Attorney General, Civil Division, Nancy Friedman, Senior Litigation Counsel, Virginia Lum, *on the brief*) Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

Petition for review of an April 16, 2009 decision of the Board of Immigration Appeals ("BIA").

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Marcelino Bonilla-Cruz ("petitioner"), a citizen of Mexico, petitions for review of the April 16, 2009 BIA order dismissing his appeal from the February 29, 2008 decision of Immigration Judge ("IJ") Michael W. Straus, affirming the denial of petitioner's application for a waiver under section 216(c)(4)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1186a(c)(4)(B), and ordering petitioner removed to Mexico. Petitioner's only challenge to the order of removal is that the IJ and BIA erred in rejecting his request for a § 1186a waiver regarding his attempt to prove that he was in good faith married to a United States citizen. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Petitioner argues that we have subject-matter jurisdiction to review whether the IJ and BIA erred in denying petitioner's application for waiver upon finding that petitioner failed to meet his burden to establish that he entered into his marriage in good faith. However, we recently held in *Conteras-Salinas v. Holder*, 585 F.3d 710 (2d Cir. 2009), that in circumstances similar to those here we lacked jurisdiction to consider a challenge to the BIA's denial of an application for a good faith marriage waiver. Under 8 U.S.C. § 1252(a)(2)(B)(ii), we lack jurisdiction to review "any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General." The language "this subchapter" refers to Subchapter II in Chapter 12 of Title 8 of the United States Code and includes § 1186a, which is the provision at issue here. That section governs conditional permanent resident status based on marriage to a United States citizen.[1]

---

[1] It states, in relevant part, as follows:
The Attorney General, in the Attorney General's discretion, may remove the conditional basis of the permanent resident status for an alien who fails to meet the requirements of paragraph (1) if the alien demonstrates that -
. . . .
(B) the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to meet the requirements of paragraph (1), . . .
. . . .
In acting on applications under this paragraph, the Attorney General shall consider any credible evidence relevant to the application. The determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney

Section 1252(a)(2)(D) of Title 8 of the U.S. Code restored jurisdiction over such petitions only to the extent that the petition presents "constitutional claims or questions of law." In the instant case, petitioner claims only that the IJ's factual determinations were flawed and that the IJ erred by "overreaching." Even if petitioner framed these claims as legal or constitutional errors, "the petitioner cannot . . . secure review by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330 (2d Cir. 2006).

We have considered all of petitioner's challenges to the removal order and have found them to be without merit. For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT,
> Catherine O'Hagan Wolfe, Clerk of Court
>
> By _____

---

General.
INA § 216(c)(4), 8 U.S.C. § 1186a(c)(4).