NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1856
_____

DELROY LINDO,
                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A056-034-195)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2011

Before:  SCIRICA, FISHER and ALDISERT, Circuit Judges

(Filed: April 6, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Delroy Lindo petitions for review of a final order of the Board of Immigration

Appeals (BIA) affirming the decision of the Immigration Judge (IJ).  We will dismiss the

petition for lack of jurisdiction.

Lindo is a citizen of Jamaica. In 2001, he married Lurline Brown, a United States citizen. Based on his marriage, Lindo entered the United States in 2002 as a conditional permanent resident under section 216(a)(1) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1186a(a)(1). The conditional basis of an alien's permanent-resident status may be removed if the alien and the United States spouse jointly submit a petition to the Attorney General. See INA § 216(c)(1). Here, before Lindo and Brown filed such a petition, they divorced. Lindo then filed an application for a hardship waiver under section 216(c)(4). Under this section, if the alien shows, for instance, that "the qualifying marriage was entered into in good faith" (as Lindo claimed here), the Attorney General has the discretion to remove the alien's conditional status. INA § 216(c)(4)(B).

The United States Citizenship and Immigration Services denied Lindo's application, and the Department of Homeland Security commenced removal proceedings, charging Lindo as removable under section 237(a)(1)(D)(i) as an alien whose conditional-permanent-resident status had been terminated. Before an IJ, Lindo reiterated his argument that he was entitled to a hardship waiver under section 216(c)(4) and was thus not removable. See INA § 237(a)(1)(D)(ii) (providing a defense to removability for aliens who obtain a hardship waiver). The IJ rejected this argument, and Lindo appealed to the BIA, reasserting the defense. The BIA likewise ruled against Lindo, concluding that he had "failed to present any significant documentation to corroborate his testimony that his marriage was bona fide." Lindo then filed a petition for review in this Court. He

2

raises a single claim: that the BIA erred in concluding that he did not enter into his marriage in good faith.

The government contends that we lack jurisdiction to review Lindo's petition because the BIA's decision represents a discretionary action subject to the jurisdiction-stripping provisions of the INA. See INA § 242(a)(2)(B)(ii). As the government points out, we have addressed this precise issue in Urena-Tavarez v. Ashcroft, 367 F.3d 154 (3d Cir. 2004). In Urena-Tavarez, an alien appealed an order in which the BIA denied a hardship waiver due to its conclusion that the alien had not entered into his marriage in good faith. Id. at 157. We noted that section 242(a)(2)(B)(ii) provides that any "decision or action of the Attorney General . . .[,] the authority for which is specified under this title to be in the discretion of the Attorney General," is not subject to judicial review. Id. at 158 (internal quotation marks omitted). We then concluded that the BIA's decision to reject a hardship waiver under section 216(c)(4) involved two levels of discretion: first, the statute states that even if the alien shows that he is eligible for a hardship waiver, the Attorney General has discretion as to whether to grant a waiver, and second, the statute provides that "the Attorney General has the sole discretion to decide what evidence is credible and the weight to be given that evidence." Id. at 159-60 (internal quotation marks omitted). We thus held that section 242(a)(2)(B)(ii) barred our review of the alien's claim. Id. at 161.

Lindo argues that Urena-Tavarez has been effectively superseded by the REAL ID Act of 2005. Through that Act, Congress amended section 242(a)(2) to include the

3

following provision: "[n]othing in subparagraph (B) or (C) . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law." INA § 242(a)(2)(D). Lindo claims that he raises a legal challenge to the BIA's ruling on the good-faith nature of his marriage, and is thus entitled to review by this Court notwithstanding section 242(a)(2)(B).

Contrary to Lindo's argument, Urena-Tavarez remains controlling and is dispositive here. In that case, we determined that we lacked jurisdiction because the BIA's decision denying the hardship waiver was a matter of its discretion, and section 242(a)(2)(B) prohibited us from reviewing the agency's discretionary decisions. Even after the REAL ID Act, "factual or discretionary determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review." Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006). Thus, the amendment to section 242(a)(2) does not affect our holding in Urena-Tavarez.

While Lindo attempts to frame his argument as one of law, at bottom he is merely arguing that "the evidence he submitted [shows] that his marriage was entered in 'good faith.'" As we have explained, "arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § [242](a)(2)(D)." Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007); see also Contreras-Salinas v. Holder, 585 F.3d 710, 715 (2d Cir. 2009) (holding that "regardless of how petitioner characterizes her claim" the BIA wrongly ruled that she had not entered into her marriage in good faith, the

4

Court lacked jurisdiction because "she is essentially challenging the agency's credibility determinations and the relative weight it accorded to evidence").

Here, the BIA balanced the relevant evidence and concluded that Lindo had failed to show that he had entered into his marriage in good faith. That decision "is dispositive and impervious to review." Urena-Tavarez, 367 F.3d at 160. Accordingly, we will dismiss Lindo's petition for review for lack of jurisdiction.