13-114-ag
*Piotrowski v. Holder*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

---

KRZYSZTOF PIOTROWSKI,

> *Petitioner,*

> v.                                                     No. 13-114-ag

ERIC H. HOLDER, JR., United States Attorney General

> *Respondent.*

---

| | |
|---|---|
| **FOR PETITIONER:** | Glenn T. Terk, Wethersfield, CT. |
| **FOR RESPONDENT:** | Stuart F. Delery, Assistant Attorney General (David V. Bernal, Assistant Director, Dara S. Smith, Trial Attorney, *on the brief*) Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED.**

Krzysztof Piotrowski, a native and citizen of Poland, seeks review of a December 19, 2012, decision of the BIA, affirming the June 28, 2011, decision of an Immigration Judge ("IJ") denying his application for a waiver based on the existence of a good faith marriage under 8 U.S.C. § 1186a(c)(4).[1]  *In re Krzysztof Piotrowski*, No. A047 842 391 (B.I.A. Dec. 19, 2012), *aff'g* No. A047 842 391 (Immig. Ct. Hartford, CT, June 28, 2011).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

## DISCUSSION

Where, as here, "the BIA. adopts the decision of the IJ and merely supplements the IJ's decisions . . . we review the decision of the IJ as supplemented by the BIA."  *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  Because Piotrowski challenges the denial of a discretionary waiver, our jurisdiction is limited to constitutional claims and questions of law.  *See* 8 U.S.C. §1252(a)(2)(B) (limiting jurisdiction to review discretionary denials); *id.* §1252(a)(2)(D) (stating exceptions for constitutional claims and questions of law); §1186a(c)(4) (committing to the Secretary of Homeland Security sole discretion to make credibility determinations and the weight to be afforded to the evidence).  *See also Contreras-Salinas v. Holder*, 585 F.3d 710, 713-14 (2d Cir. 2009) (holding that § 1186a(c)(4) precludes review of credibility and evidentiary weight determinations).

Piotrowski argues that the IJ ignored his explanation that the inconsistencies between his testimony and statements during a prior agency interview were the result of the lack of an interpreter at his interview.  To the contrary, both the IJ and the BIA explicitly considered that explanation and rejected it in their respective decisions.  The record, therefore, does not support Piotrowski's contention that the agency ignored evidence.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

Piotrowski also contends that the IJ erred by relying solely on the inconsistencies in his evidence regarding his and his ex-wife's residences to deny his application, rather than considering their intent to establish a life together at the time they were married.  Although, as Piotrowski asserts, the central issue in determining whether a marriage is bona fide is the couple's "inten[t] to establish a life together at the time of marriage," *Boluk v. Holder*, 642 F.3d 297, 303 (2d Cir. 2011) (internal citation omitted), the IJ may consider the course of the marriage thereafter, including

---

[1]  To remove the conditional basis of residency, an alien spouse must either jointly petition for removal of the conditions with his or her citizen spouse, or seek a hardship waiver of the joint petition requirement.  8 U.S.C. § 1186a(c)(1), (4).  A waiver may be granted if the marriage was entered into in good faith and the alien spouse was not at fault in his or her failure to jointly petition pursuant to paragraph (1).  *Id.* § 1186a(c)(4)(B).

2

whether the couple cohabitated, 8 C.F.R. § 1216.5(e)(2)(ii). The IJ did not, therefore, err in considering whether Piotrowski and his ex-wife resided together during their marriage to determine his eligibility for a waiver. *See id.*

Piotrowski's arguments go solely to the IJ's determination of "what evidence is credible and the weight to be given that evidence," 8 U.S.C. § 1186a(c)(4), and do not raise a colorable constitutional claim or question of law. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) ("[W]e lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction."). Accordingly, we lack jurisdiction to review his petition. *See* 8 U.S.C. § 1186a(c)(4); *Contreras-Salinas*, 585 F.3d at 713-14.

## CONCLUSION

For the foregoing reasons, the petition for review is **DISMISSED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court