Parraga v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of December, two thousand thirteen.

Present:      ROSEMARY S. POOLER,
              GERARD E. LYNCH,
              RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

_____

CRISTINA PARRAGA, A.K.A. CRISTINA VALENTIN,

                    *Petitioner*,

              -v-                                          12-4962-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

                    *Respondent*.

_____

Appearing for Appellant:      Glenn T. Terk, Wethersfield, CT.

Appearing for Appellee:       Tiffany L. Walters, Trial Attorney, Office of Immigration
                              Litigation, United States Department of Justice (Stuart F. Delery,
                              Assistant Attorney General; David V. Bernal, Assistant Director,
                              *on the brief*), Washington, D.C.

      Petition for review of an order of the Board of Immigration Appeals ("BIA").

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED** for lack of jurisdiction.

Petitioner Cristina Parraga, a native and citizen of Peru, seeks review of a November 21, 2012 order of the BIA, affirming the September 7, 2010 decision of the Immigration Judge ("IJ") (Straus, *J.*), which affirmed the United States Citizenship and Immigration Service's ("USCIS") denial of a hardship waiver under Immigration and Nationality Act ("INA") § 216(c)(4)(B), 8 U.S.C. § 1186a(c)(4)(B). *See Cristina Parraga*, No. A046 869 435 (BIA Nov. 21, 2012), *aff'g* No. A046 869 435 (Immigr. Ct. Hartford, CT Sept. 7, 2010). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The applicable standards of review of a BIA order are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), we lack jurisdiction to review the agency's credibility determinations and the weight given to evidence in the context of a hardship waiver determination under INA § 216(c)(4)(B). *See Contreras-Salinas v. Holder*, 585 F.3d 710, 713-14 (2d Cir. 2009). Nevertheless, we retain jurisdiction to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D); *see also Boluk v. Holder*, 642 F.3d 297, 303 (2d Cir. 2011).

On appeal, Parraga challenges the agency's credibility determination. Her arguments fail to raise reviewable constitutional claims or questions of law. *See Contreras-Salinas*, 585 F.3d at 714 ("Because we conclude that petitioner's claims challenge only credibility determinations and the weight given to evidence by the IJ and BIA, we lack jurisdiction over her claims."). While Parraga takes issue with the agency's finding that her submission of fraudulent documents to USCIS undercut her testimony and other evidence, we have recognized that, under the doctrine of *falsus in uno, falsus in omnibus* (false in one thing, false in everything), once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the petitioner's] veracity." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). "[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Id.* "In other words, a finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner." *Id.* Further, although Parraga contends that her explanation that she was unaware that she had submitted fraudulent documents to USCIS was plausible, the court is not required to credit an alien's explanations for inconsistencies in the record unless a reasonable fact-finder would be "*compelled* to credit [her] testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

While Parraga also asserts that her evidence was sufficient to establish that her marriage was entered into in good faith, we lack jurisdiction to "reevaluate the relative strength of the evidence presented to the immigration judge. . . . The amount of weight to be accorded any particular fact raises no question of law and is accordingly not within this Court's jurisdiction to review the agency's determination." *Boluk*, 642 F.3d at 304 (internal quotation marks omitted).

As Parraga has failed to raise a reviewable constitutional claim or question of law with respect to the agency's denial of her request for a hardship waiver, we lack jurisdiction to review the agency's determination.

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3