**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3878
_____

MONTCLAIRE ALBERTUS WILLIAMS,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-571-446)
Immigration Judge:  Honorable Irma Lopez Defillo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2014

Before:  HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed:  April 15, 2014)
_____

OPINION
_____

PER CURIAM

Montclaire Williams petitions for review of a final order of the Board of

Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ").

We will dismiss the petition for lack of jurisdiction.

Williams is a native and citizen of St. Kitts. He first came to the United States in 2005 on a visitor's visa. In 2005, Williams married Muriel Dorsett, a naturalized United States citizen, whom Williams knew from when they were children in St. Kitts. Based on his marriage, Williams became a conditional resident of the United States in 2006. Williams and Dorsett later divorced in 2010. In July 2010, Williams filed a Form I-751 Petition to Remove Conditions on Residence, requesting a waiver of the requirement to file a joint petition to remove the conditions on residence, claiming that he entered into a good faith marriage, but the marriage was terminated through divorce. See 8 U.S.C. § 1186a(c)(4)(B). After an in-person interview with Williams and Dorsett on the I-751 Petition, the Citizen and Immigration Services ("CIS") terminated Williams' conditional permanent resident status because he failed to establish that his marriage was entered into in good faith.

Thereafter, the Department of Homeland Security initiated removal proceedings against Williams, charging him as removable pursuant to 8 U.S.C. § 1227(a)(1)(D)(i), based on the termination of his conditional lawful permanent resident status. On April 17, 2012, the IJ found Williams removable as charged, and denied his request to have his conditional resident status lifted.[1] The IJ determined that Williams failed to meet his burden of proof that his marriage to Dorsett was entered into in good faith, or that he would suffer extreme hardship if he returned to St. Kitts. See § 1186a(c)(4). The BIA

---

[1] The IJ granted Williams' request for voluntary departure.

affirmed the decision without opinion. Williams now petitions this Court for review.[2]

He raises a single claim: that the IJ erred in concluding that he did not enter into his marriage in good faith.

The Government contends that we lack jurisdiction to review Williams' petition because the IJ's decision represents a discretionary action subject to the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(B)(ii).[3] We agree. Pursuant to § 1252(a)(2)(B)(ii), no court has jurisdiction over any decision or action of the Attorney General which is specified by the Immigration and Nationality Act ("INA") to be in the discretion of the Attorney General, with the exception of asylum claims. In Urena-Tavarez v. Ashcroft, 367 F.3d 154, 161 (3d Cir. 2004), we held that § 1252(a)(2)(B)(ii) prohibits our exercise of jurisdiction because § 1186a(c)(4) explicitly provides the Attorney General with discretion to grant a waiver of the joint application requirement for removal of the conditional basis of permanent resident status.

Despite this jurisdictional bar, we retain jurisdiction to review constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(D).[4] Williams attempts to frame

---

[2] By order entered November 15, 2013, we denied Williams' motion for a stay of removal. To the extent that Williams renews his request for a stay of removal in his brief, his request is denied as moot in light of our disposition of his petition for review. See Catney v. INS, 178 F.3d 190, 196 n.9 (3d Cir. 1999).

[3] When the Board affirms the IJ's decision without an opinion, we review the IJ's opinion. Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc).

[4] Section § 1252(a)(2)(D) was enacted as part of the REAL ID Act of 2005. Urena-Tavarez still remains good law, however, as "factual or discretionary determinations

his argument as one of law by arguing that the IJ "failed to apply the de novo standard of review and improperly adopted [CIS'] findings," but he is merely arguing that the evidence he submitted showed that he entered into his marriage with Dorsett in good faith. See Petitioner's Reply Brief at 11-12. He claims that the IJ erroneously found his testimony and evidence implausible, and that the IJ failed to focus on "whether, at the time [he] and Muriel married, there was an intent to establish a life together." Id.[5] As we have explained, however, "arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)." Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007); see also Contreras-Salinas v. Holder, 585 F.3d 710, 715 (2d Cir. 2009) (holding that "regardless of how petitioner characterizes her claim" that the BIA wrongly ruled that she had not entered into her marriage in good faith, the Court lacked jurisdiction because "she is essentially challenging the agency's

---

continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review." Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006).

[5] William relies on the Ninth Circuit's decision in Bark v. INS, 511 F.2d 1200 (9th Cir. 1975). However, Bark was decided well before § 1252(a)(2)(B)(ii) was adopted as part of the Illegal Immigration Reform and Responsibility Act of 1996 ("IIRIRA"), which went into effect on April 1, 1997. Moreover, we recognize that the Ninth Circuit takes a contrary view regarding whether the determination of eligibility of a waiver pursuant to § 1186a(c)(4) is subject to judicial review. See Oropeza-Wong v. Gonzales, 406 F.3d 1135, 1142 (9th Cir. 2005) ("We hold that determinations made with respect to statutory waivers under § 1186a(c)(4) are not purely discretionary and are therefore generally subject to review."). Here, the provisions of IIRIRA and our decision in Urena-Tavarez apply, and for the reasons discussed in this opinion, we do not have jurisdiction to review the IJ's decision.

credibility determinations and the relative weight it accorded to evidence"). Williams'

argument that the IJ was required to apply the de novo standard of review, and that the IJ

erroneously found his testimony and evidence implausible, are nothing more than

challenges to the agency's discretionary determination and are insufficient to establish

jurisdiction under § 1252(a)(2)(D).[6]

      Accordingly, we will dismiss Williams' petition for review for lack of jurisdiction.

---

[6] Even if Williams' argument relating to the IJ's failure to apply the de novo standard of review was a proper legal question over which we would have jurisdiction pursuant to § 1252(a)(2)(D), the claim is meritless. In her opinion, the IJ fully considered all of the evidence presented to her during the removal proceedings, including Williams' own testimony. There is nothing in the opinion that indicates, as Williams argues, that the IJ "wholly adopted" CIS' findings without conducting a de novo review of the evidence.