**Newell v. Holder**

**BIA**
**Cheng, IJ**
**A096 536 325**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand fourteen.

PRESENT:
        BARRINGTON D. PARKER,
        GERARD E. LYNCH,
        SUSAN L. CARNEY,
           *Circuit Judges*.

---

DWIGHT ALFANCO NEWELL,

      *Petitioner*,

      v.                          13-2750

ERIC H. HOLDER, JR., United States Attorney General,

      *Respondent*.

---

| | |
|---|---|
| **FOR PETITIONER:** | PARKER WAGGAMAN, Law Offices of Parker Waggaman, P.C., Woodside, New York. |
| **FOR RESPONDENT:** | JOSEPH A. O'CONNELL, Attorney (Stuart F. Delery, Assistant Attorney General and Cindy S. Ferrier, Assistant Director, *on the brief*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioner Dwight Newell, a native and citizen of Jamaica, seeks review of a June 19, 2013, order of the BIA, affirming the June 27, 2012, decision of an Immigration Judge ("IJ"), which denied Newell's request for a good-faith marriage waiver and ordered him removed. In re Dwight Newell, No. A096 536 325 (B.I.A. June 19, 2013), aff'g No. A096 536 325 (Immig. Ct. N.Y.C. June 27, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Newell argues that the IJ and the BIA erred in finding him not credible and in concluding that he failed to establish a bona fide marriage under 8 U.S.C. § 1186a(c)(4)(B). Both of his challenges are beyond the scope of our jurisdiction.

Under 8 U.S.C. § 1252(a)(2)(B)(ii), this Court lacks jurisdiction to review any decision or action committed to the discretion of the Attorney General under subchapter II of Chapter 12 of Title 8 of the U.S. Code. Contreras-Salinas v. Holder, 585 F.3d 710, 713 (2d Cir. 2009). That subchapter includes the good-faith marriage waiver. Contreras-Salinas, 585 F.3d at 713; 8 U.S.C. § 1186a(c)(4). Despite this jurisdiction-stripping provision, Article III courts retain jurisdiction over "constitutional claims or questions of law raised upon a petition for review," including the legal standard to be used in evaluating a good-faith marriage. 8 U.S.C. § 1252(a)(2)(D); see also Boluk

2

v. Holder, 642 F.3d 297, 303 (2d Cir. 2011).  However, the BIA's findings regarding "what evidence is credible and the weight to be given that evidence" are purely factual matters.  Contreras-Salinas, 585 F.3d at 713.  Consequently, we lack jurisdiction to review the BIA's findings regarding the credibility or sufficiency of a petitioner's evidence showing a bona fide marriage under 8 U.S.C. § 1186a(c)(4).  Id. at 714; Boluk, 642 F.3d at 304.

In this case, Newell's petition challenges the precise types of evidentiary and credibility determinations entrusted to the sole discretion of the Attorney General.  While Newell claims that the agency's credibility determination is a "mixed question" of law and fact, it is not.  As noted above, the credibility of testifying witnesses is exclusively a factual question for the IJ and the BIA.  See Contreras-Salinas, 585 F.3d at 713-14.  Similarly, Newell's claim that the agency erred in emphasizing his lack of credibility in reaching its ruling, rather than addressing the "relevant question" of whether his marriage was bona fide, comes down to a dispute about the relative weight it accorded his evidence.  Noting that Newell presented only sparse documentary evidence of his domestic life with his ex-wife, the IJ and the BIA concluded that the inconsistencies in his personal testimony undermined his showing of a bona fide marriage.  While couched as a quarrel over legal standards, Newell's objection thus quibbles over the "weight to be accorded any particular fact" – in this case, his testimony.  Boluk, 642 F.3d at 304.  Such

objections "raise[] no question of law and [are] accordingly not within this Court's jurisdiction." Id.

For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4