**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 14-1636**

—————————

JUAN GUILLERMO ACEVEDO CALLE,

             Petitioner,

       v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

—————————

On Petition for Review of an Order of the Board of Immigration Appeals.

—————————

Submitted:  January 29, 2015          Decided:  April 2, 2015

—————————

Before KING and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

—————————

Petition dismissed by unpublished per curiam opinion.

—————————

Astrid Lockwood, LOCKWOOD IMMIGRATION, Fond du Lac, Wisconsin, for Petitioner.  Joyce R. Branda, Acting Assistant Attorney General, Terri J. Scadron, Assistant Director, Kathryn L. DeAngelis, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Guillermo Acevedo Calle, a native and citizen of Colombia, petitions for review of the order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's ("IJ") order denying his application for a waiver under 8 U.S.C. § 1186a(c)(4) (2012). Because we are without jurisdiction, we dismiss.

Under 8 U.S.C. § 1186a(a), (c), and (d)(2) (2012), an alien married to a United States citizen may be granted a two-year period of conditional lawful permanent resident status. During the ninety-day period before the two-year anniversary of the alien having been granted the conditional lawful permanent resident status, the married couple must file a Form I-751 petition requesting removal of the conditional basis of the alien's lawful permanent resident status. 8 U.S.C. § 1186a(c)(1), (d)(2); 8 C.F.R. § 1216.2(b) (2014). If the marriage was entered into in good faith but the spouse refuses to participate in the petition seeking removal of the conditional status because, for instance, the marriage ended in divorce, the alien may file the petition alone and seek a hardship waiver of the joint filing requirement under 8 U.S.C. § 1186a(c)(4). See also 8 C.F.R. §§ 1216.4(a)(1), 1216.5 (2014).

2

Under § 1186a(c)(4), the Secretary of the Department of Homeland Security ("Secretary") has the discretion to waive the joint-filing requirement if the alien demonstrates: (1) extreme hardship upon removal; (2) the qualifying marriage was entered into in good faith but was terminated and the alien is not at fault in failing to jointly file; or (3) the marriage was entered into in good faith and during the marriage the spouse or child was battered or treated with extreme cruelty by the spouse and the alien was not at fault in failing to meet the requirements of the statute. If the alien's petition is denied, the conditional lawful permanent resident status is terminated and the alien is removable pursuant to 8 U.S.C. § 1227(a)(1)(D)(i) (2012).

While there is no direct appeal from the Secretary's decision, the alien may seek review in removal proceedings. 8 C.F.R. § 216.5(f) (2014). If the alien does seek review, the burden is on the alien to establish his eligibility for a waiver of the joint-filing requirement. 8 U.S.C. § 1186a(c)(4). The Secretary retains discretion to grant or deny a waiver application, and "[t]he determination of what evidence is credible and the weight to be given that evidence is within the <u>sole discretion</u> of the Secretary of Homeland Security." 8 U.S.C. § 1186a(c)(4)(D) (emphasis added).

Under 8 U.S.C. § 1252(a)(2)(B)(ii) (2012), we lack jurisdiction to review "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." Id. Judicial review is limited to constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D).

The Board found that there was no clear error in the IJ's adverse credibility determination or its finding that Calle did not offer sufficient documentation supporting his claim that his marriage was bona fide. Calle now challenges both of these findings. But because Calle is challenging findings that are committed to the sole discretion of the Secretary and he does not raise a constitutional claim or a question of law, we are without jurisdiction. See Boadi v. Holder, 706 F.3d 854, 860 (7th Cir. 2013); Iliev v. Holder, 613 F.3d 1019, 1027-28 (10th Cir. 2010); Contreras-Salinas v. Holder, 585 F.3d 710, 713-15 (2d Cir. 2009); Suvorov v. Gonzales, 441 F.3d 618, 622 (8th Cir. 2006).

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED