16-2487
*Clarke v. Sessions*

BIA
Straus, IJ
A096 638 288

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand seventeen.

PRESENT:
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges,*
> TIMOTHY C. STANCEU,
> > *Chief Judge, U.S. Court of Int'l Trade.**

_____

MCCARTY CLARKE,
> *Petitioner,*

v.                                              No. 16-2487

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gregory C. Osakwe, Hartford, CT.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Greg Mack, Senior Litigation Counsel; Stefanie Notarino Hennes, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

_____

* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner McCarty Clarke, a native and citizen of Jamaica, seeks review of a June 29, 2016 decision of the BIA affirming a November 10, 2014 decision of an Immigration Judge ("IJ") ordering Clarke's removal to Jamaica. *In re McCarty Clarke*, No. A096 638 288 (B.I.A. June 29, 2016), *aff'g* No. A096 638 288 (Immig. Ct. Hartford Nov. 10, 2014). We have reviewed the IJ's decision as supplemented by the BIA. *See Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Clarke obtained conditional residency based on his marriage to a U.S. citizen, whom he later divorced. Following the divorce, he sought to remove the condition on his residency. To remove the condition without filing a petition jointly with a U.S. citizen spouse, Clarke requested a waiver of the joint petition requirement on the ground that "the qualifying marriage was entered into in good faith" but had since terminated. 8 U.S.C. § 1186a(c)(4)(B); *see also id.* § 1186a(c)(1)(A). The IJ and BIA determined that Clarke failed to demonstrate that the marriage was entered into in good faith, and denied his waiver request.

Because the waiver Clarke sought is granted on a discretionary basis, our review is limited to constitutional claims and questions

of law.  *See* 8 U.S.C. §§ 1186a(c)(4), 1252(a)(2)(B)(ii), 1252(a)(2)(D); *Contreras-Salinas v. Holder*, 585 F.3d 710, 713-15 (2d Cir. 2009).  Clarke challenges the weight the agency afforded his evidence.  This aspect of the agency's decision is beyond our jurisdiction to review.  *Contreras-Salinas*, 585 F.3d at 713-14; *see also Boluk v. Holder*, 642 F.3d 297, 304 (2d Cir. 2011) ("The amount of weight to be accorded any particular fact raises no question of law and is accordingly not within this Court's jurisdiction to review . . . .").[1]

Clarke's argument that the agency should not have denied the waiver based on his failure to provide his daughter's birth certificate is misplaced.  As the BIA explained in its decision, the IJ did not rely on Clarke's initial failure to produce the requested documentation, and instead denied the waiver on the ground that Clarke failed to establish that he entered into his marriage in good faith.

---

[1] We note that Congress has amended 8 U.S.C. § 1186a(c)(4) twice since our decision in *Contreras-Salinas* was issued.  *See* Amendment—Immigration and Nationality Act, Pub. L. 112-58, § 1, 125 Stat. 747, 747 (2011); Violence Against Women Reauthorization Act of 2013, Pub. L. 113-4, § 806, 127 Stat. 54, 112.  When *Contreras-Salinas* was decided, § 1186a(c)(4) expressly gave the Attorney General discretion to grant waivers of the joint petition requirement.  *See* 585 F.3d at 713.  The two recent amendments replaced "Attorney General" with "Secretary of Homeland Security" throughout § 1186a, including at § 1186a(c)(4). § 1, 125 Stat. at 747 (enacting "Conforming Amendments"); § 806, 127 Stat. at 112 (making "Technical Corrections").  Our Court has not yet determined the effect, if any, of these amendments on our jurisdiction over challenges to denials of joint petition waivers.  We think it unnecessary in this case to take up that issue, which Clarke's brief does not address.  Even if we had jurisdiction to review Clarke's challenge, we would conclude that substantial evidence in the record supports the finding by the IJ and BIA that Clarke failed to establish that he entered into the marriage in good faith. *See Nguyen v. Holder*, 743 F.3d 311, 314 (2d Cir. 2014).

Accordingly, for the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court