13-479-ag
Muca v. Holder

BIA
Straus, I.J.
A047 626 905

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fourteen.

PRESENT:
          RALPH K. WINTER,
          GUIDO CALABRESI,
          REENA RAGGI,
                    *Circuit Judges*.

-------------------------------------------------
JULJAN MUCA,
                    *Petitioner*,

          v.                                                            No. 13-479-ag

ERIC H. HOLDER, JR., United States
Attorney General,
                    *Respondent*.
-------------------------------------------------

FOR PETITIONER:               Glenn T. Terk, Wethersfield, Connecticut.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General, William C. Peachey, Assistant Director, Brianne Whelan Cohen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of an order of the Board of Immigration Appeals ("BIA"), it is ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and GRANTED in part and REMANDED to the BIA.

Juljan Muca, a native and citizen of Albania, seeks review of a January 15, 2013 decision of the BIA affirming the April 13, 2011 decision of Immigration Judge Michael W. Straus (the "IJ"), concluding that Muca was removable pursuant to (1) Immigration and Nationality Act ("INA") § 237(a)(1)(D)(I), 8 U.S.C. § 1227(a)(1)(D)(I), because his conditional status, obtained when he entered the United States after marrying a U.S. citizen, had been properly revoked; and (2) INA § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A), because Muca was inadmissible at the time of entry as he lacked a valid entry visa because his marriage was invalid. The agency denied Muca's requests for a waiver of (1) the requirement that he and his spouse file a joint petition to remove conditions on his permanent resident status pursuant to INA § 216(c)(4)(B), 8 U.S.C. § 1186a(c)(4)(B) ("the joint filing requirement"); and (2) the grounds of removal related to his marriage fraud pursuant to INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H) ("the fraud waiver").[1] See In re Juljan Muca, No.

---

[1] For convenience, we henceforth refer only to sections of the United States Code.

2

A047 626 905 (B.I.A. Jan. 15, 2013), aff'g No. A047 626 905 (Immig. Ct. Hartford, Conn. Apr. 13, 2011). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. See Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005). We "defer to the factual findings of the BIA and the IJ if they are supported by substantial evidence, and we review de novo legal conclusions and the application of legal principles to undisputed facts." Higgins v. Holder, 677 F.3d 97, 100 (2d Cir. 2012).

We first conclude that we lack jurisdiction over Muca's challenge to the agency's denial of a waiver of the joint filing requirement because he raises no constitutional claims or questions of law and contests only the agency's weighing of evidence and discretionary denial of the waiver. See 8 U.S.C. § 1252(a)(2)(B)(ii), (a)(2)(D); Contreras-Salinas v. Holder, 585 F.3d 710, 713–14 (2d Cir. 2009).

The agency's rejection of Muca's request for a § 1227(a)(1)(H) fraud waiver, however, raises different concerns. First, although the parties treat the BIA's order as denying the fraud waiver, that conclusion is not clear. In discussing the fraud waiver, the BIA stated that "even if [Muca] were granted that waiver, he would not be entitled to adjust his status and remain in the United States without either a new approved visa petition or a waiver of the filing of a joint petition with his wife to remove his conditional status."

3

Certified Admin. Rec. 4, S.P.A. 10. The BIA further noted that Muca was "not claiming he [was] eligible to adjust based on a new visa petition." Id. Indeed, when Muca moved to re-open the proceedings for the BIA to consider his eligibility for a fraud waiver, relying on his parents' newly-obtained lawful permanent resident status, he did not apply to adjust his own status.

Insofar as the BIA appears to have concluded that, even with the benefit of a fraud waiver, Muca's failure to remove his conditional status stood as an insurmountable obstacle to adjustment of status, that conclusion lacks support in the statutory text.[2] By its terms, the fraud waiver applies, as relevant here, to an alien (1) who is the child of a lawful permanent resident, (2) who "was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such admission," and (3) who is removable under 8 U.S.C. § 1227(a)(1) for grounds of removability "relating to the removal of aliens . . . on the ground that they were inadmissible at the time of admission" because they procured entry to the United States by fraud. 8 U.S.C. § 1227(a)(1)(H)(I) (emphasis added). Further, the statute explicitly states that the fraud waiver "shall also operate to waive removal based on the grounds of inadmissibility directly resulting from such fraud or misrepresentation." Id. (emphasis added).

---

[2] The parties do not dispute that Muca's removability for failure to possess a valid visa at the time of entry, see 8 U.S.C. § 1227(a)(1)(A), may be cured by a fraud waiver.

4

Muca was found removable pursuant to 8 U.S.C. § 1227(a)(1)(D)(I) because his conditional status was revoked due to his inability to establish that his marriage was entered into in good faith. See 8 U.S.C. § 1186a(c)(4)(B). That basis for removal was "relat[ed] to" his removability for inadmissible entry, if not "directly resulting" from the marriage fraud. Thus, it appears that a successful request for a fraud waiver could have cured both bases for removal. See Vasquez v. Holder, 602 F.3d 1003, 1007–08, 1014 (9th Cir. 2010) (holding alien, charged with removability for inadmissibility at time of entry under 8 U.S.C. § 1227(a)(1)(A) and for revocation of conditional status under 8 U.S.C. § 1227(a)(1)(D)(I), both because of alien's fraudulent marriage, eligible for fraud waiver under § 1227(a)(1)(H)).

This case is distinguishable from Vasquez, however, in that the alien there had a pending application to adjust her status based on her second marriage. Id. at 1007–08. As discussed above, Muca did not submit an application to adjust his status along with his request for a fraud waiver, and it is not clear what Muca's status would be if he were granted the waiver. The question might be rendered moot if the agency exercises its discretion to deny the waiver. At the same time, the agency might exercise its absolute discretion to entertain a late application to adjust his status. In any event, the matter is best resolved by the agency in the first instance. See Gonzales v. Thomas, 547 U.S. 183, 186 (2006) (stating that, where Court of Appeals identifies error in BIA decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation" (internal quotation marks omitted)). We therefore remand to the BIA to determine whether

5

to grant Muca the fraud waiver. If the waiver is granted, the BIA can determine Muca's status, if any.

Accordingly, the petition for review is DISMISSED in part for lack of jurisdiction, GRANTED in part, and REMANDED to the BIA for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court