12-2593 (L)
Antropova v. Holder

BIA
Straus, IJ
A079 680 867

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand fourteen.

Present:
> AMALYA L. KEARSE,
> ROSEMARY S. POOLER,
> REENA RAGGI,
> *Circuit Judges.*

—————————————————————————————

MARIA ALEKSANDROVNA ANTROPOVA,
> *Petitioner*,

v.                                                          12-2593 (L);
                                                            12-4455 (con)

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

—————————————————————————————

Appearing for Petitioner:     Thomas E. Moseley, Law Offices of Thomas E. Moseley, Newark, N.J.

Appearing for Respondent:     Gregory M. Kelch, Office of Immigration Litigation, United States Department of Justice (Stuart F. Delery, Assistant Attorney General; Song Park, Senior Litigation Counsel; Timothy G. Hayes, Trial Attorney, *on the brief*), Washington, D.C.

**UPON DUE CONSIDERATION** of these petitions for review of decisions by the Board of Immigration Appeals (the "BIA"), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petitions for review are **DISMISSED IN PART, FOR LACK OF JURISDICTION, AND DENIED IN PART**.

Petitioner Maria Aleksandrovna Antropova, a native of Russia, seeks review of a May 30, 2012 order of the BIA, affirming the July 6, 2010 decision of an Immigration Judge ("IJ"), which found her removable and denied her a waiver under the Immigration and Nationality Act, Section 216(c)(4)(B), 8 U.S.C. § 1186a(c)(4)(B). *In re Maria Aleksandrovna Antropova*, No. A079 680 867 (B.I.A. May 30, 2012), *aff'g* No. A079 680 867 (Immig. Ct. Hartford, Conn. July 6, 2010). She also seeks review of the BIA's October 19, 2012 decision denying her motion to reopen. *In re Maria Aleksandrovna Antropova*, No. A079 680 867 (B.I.A. Oct. 19, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case. We note that we received and considered Antropova's January 23, 2014 letter filed pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure.

## I. The Denial of Antropova's Application for a "Good Faith" Waiver

"Where, as here, the BIA adopts the immigration judge's reasoning and offers additional commentary, we review the decision of the immigration judge as supplemented by the BIA." *Boluk v. Holder*, 642 F.3d 297, 301 (2d Cir. 2011) (internal quotation marks and alterations omitted). We have jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), including Antropova's contention that the IJ applied the wrong legal standard with respect to her waiver application, *see Boluk*, 642 F.3d at 303.

Antropova contends that the IJ applied the incorrect legal standard by assessing whether there was sufficient evidence that she and her ex-husband "had a shared life together," rather than whether there was sufficient evidence of their intent to establish a life together at the time of the marriage. Her contention is without merit. At the beginning of the IJ's decision he articulated the correct legal standard, which is whether Antropova "entered into a qualifying marriage in good faith." In making that determination, the IJ was permitted to consider "the course of a relationship after a wedding," *Boluk*, 642 F.3d at 303, including the degree to which the spouses combined their assets, documentation about the length of time they "cohabited after the marriage and after the alien obtained permanent residence," the existence of children, and other pertinent evidence, 8 C.F.R. § 1216.5(e)(2). That is precisely the type of evidence that the IJ considered in this case. Even assuming the IJ committed an error in articulating the legal standard, that error did not infect the IJ's fact finding and the BIA was correct to conclude that any such error was "harmless."

Antropova further argues that her testimony that she entered into her marriage in good faith should have been taken as true by the IJ because the IJ did not make an adverse credibility determination. To support that argument, Antropova relies on *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir. 2004), and *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir. 2000), for the proposition that "[a]bsent an explicit adverse credibility finding, a witness's testimony must be

accepted as true." *Lopez-Alvarado*, 381 F.3d at 851 (citing *Kataria*, 232 F.3d at 1114). However, "Congress abrogated" *Kataria*'s holding that "'we must accept an applicant's testimony as true in the absence of an explicit adverse credibility finding.'" *Aden v. Holder*, 589 F.3d 1040, 1044 (9th Cir. 2009) (quoting *Kataria*, 232 F.3d at 1113). Antropova's attorney failed to disclose to the court that the legal principle in *Lopez-Alvarado* and *Kataria* on which he relied is no longer good law. In addition, precedent from the Ninth Circuit does not bind our Court.

Antropova also contends that the agency's decision is not supported by substantial evidence. Because her challenge essentially relates to the credibility of the evidence and the weight accorded to it, she fails to raise a reviewable claim. *See Contreras-Salinas v. Holder*, 585 F.3d 710, 714 (2d Cir. 2009); *see also Boluk*, 642 F.3d at 304 (explaining that the Court will "not reevaluate the relative strength of the evidence presented to the immigration judge" (internal quotation marks omitted)).

## II.  The BIA's Denial of Antropova's Motion to Reopen

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). We conclude that the BIA did not abuse its discretion in this case.

Antropova's contention that the BIA applied the wrong legal standard to her motion to reopen is unavailing. It is well established that motions to reopen are appropriately denied if the new evidence presented would not alter the result in the case. *See Sanusi v. Gonzales*, 445 F.3d 193, 201 (2d Cir. 2006); *Kaur*, 413 F.3d at 234.

Antropova's argument that the BIA engaged in impermissible fact finding in denying her motion is also misplaced. While the BIA generally may not engage in independent fact finding, *see* 8 C.F.R. § 1003.1(d)(3)(iv), it may assess new or previously unavailable evidence when considering a motion to reopen, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).

We have considered the remainder of Antropova's arguments and find them to be without merit. For the foregoing reasons, the petitions for review are DISMISSED in part, for lack of jurisdiction, and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3