17-2240(L)
*Rachid Azala v. Barr*

BIA
Lamb, IJ
A079 106 658

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty.

PRESENT: REENA RAGGI,
DENNY CHIN,
RICHARD J. SULLIVAN,
*Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RACHID AZALA,

*Petitioner*,

-v-                                    17-2240-ag; 18-658-ag; 19-1107-ag

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

*Respondent*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:                    DAVID A. ISAACSON, Cyrus D. Mehta &
                                   Partners PLLC, New York, New York.

FOR RESPONDENT:                    GREGORY A. PENNINGTON, Jr., Trial
                                   Attorney (Carl McIntyre, Assistant Director;
                                   Nancy E. Friedman, Senior Litigation Counsel,
                                   *on the brief*), *for* Joseph C. Hunt, Assistant
                                   Attorney General, Office of Immigration
                                   Litigation, Civil Division, United States
                                   Department of Justice, Washington, DC.


**UPON DUE CONSIDERATION** of these petitions for review of decisions

of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED**, **ADJUDGED**,

and **DECREED** that the petitions are **DENIED**.

Petitioner Rachid Azala, a native and citizen of Algeria, seeks review of (1)

the BIA's June 22, 2017 decision affirming a July 28, 2016 decision of an Immigration

Judge ("IJ") and (2) the BIA's February 8, 2018 and March 27, 2019 decisions denying his

motions to reopen.   *In re Rachid Azala*, No. A079 106 658 (B.I.A. June 22, 2017), *aff'g* No.

A079 106 658 (Immig. Ct. N.Y. City July 28, 2016); *In re Rachid Azala*, No. A079 106 658

(B.I.A. Feb. 8, 2018 & Mar. 2, 2019).   We assume the parties' familiarity with the

underlying facts, procedural history, and issues on appeal.

I.      **Denial of Hardship and Fraud Waivers**

In 2001, Azala married his first wife and received a conditional grant of

lawful permanent resident ("LPR") status.   In 2003, they jointly filed an I-751 petition to

remove the conditions on his LPR status.   In 2005, however, his then-wife advised the

U.S. Citizenship and Immigration Services ("USCIS") under oath that Azala had paid her to marry him and that they had never lived as husband and wife.

In 2006, after Azala and his first wife divorced and he had remarried, he filed a new I-751 petition and asked for a hardship waiver of the joint petition requirement for removing the conditions on his LPR status obtained through his first marriage and for a fraud waiver to adjust status based on his second marriage. Our jurisdiction to review the denial of these waivers is limited to constitutional claims and questions of law. *See* 8 U.S.C. §§ 1186a(c)(4), 1227(a)(1)(H), 1252(a)(2)(B), (D); *Ahmed v. Holder*, 624 F.3d 150, 153-54 (2d Cir. 2010) (holding that court lacks jurisdiction to review denial of fraud waiver); *Contreras-Salinas v. Holder*, 585 F.3d 710, 713-14 (2d Cir. 2009) (holding, with respect to denial of hardship waiver of joint petition requirement, that we at minimum lack jurisdiction to review "credibility determinations and the weight given to evidence").

Azala argues that the BIA improperly applied the REAL ID Act in affirming the IJ's credibility determination in relation to the bona fides of his first marriage and gave undue deference to the finding of marriage fraud made by USCIS. While the application of an incorrect legal standard raises a question of law, *see Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007), Azala's arguments are unavailing.

First, on reconsideration the BIA corrected its error concerning which I-751 application to remove conditions was under review, clarifying that the 2006

3

hardship waiver, rather than the 2003 joint I-751, was before the IJ. Accordingly, the agency's application of the REAL ID Act, which went into effect in 2005, was appropriate. Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005). We otherwise lack jurisdiction to review the credibility determination. *See* 8 U.S.C. §§ 1186a(c)(4), 1252(a)(2)(B)(ii); *Contreras-Salinas*, 585 F.3d at 713.

Second, the IJ did not give undue deference to USCIS's finding of marriage fraud. When an IJ reviews USCIS's denial of an I-751, the Government must prove, "by a preponderance of the evidence," that the marriage was not entered in good faith. 8 U.S.C. § 1186a(b)(2). The IJ correctly stated this standard and found that the Government met its burden because Azala's first wife "unequivocally state[d] that [Azala] provided her with money in exchange for an immigration benefit," which was "highly probative as to the invalidity of his first marriage," and because Azala did not testify credibly about his first marriage. Supp. J. App'x at 610. Azala argues that his first wife's statement was not unequivocal, but that challenge goes to the weight that the IJ afforded to the statement. Neither the weight of the evidence nor the credibility determination, however, are subject to judicial review. *See* 8 U.S.C. §§ 1186a(c)(4), 1252(a)(2)(B)(ii).

As to the fraud waiver, Azala has not raised any constitutional claims or questions of law. First, although the IJ stated, incorrectly, that Azala was not eligible for the waiver, the BIA did not rely on that finding. Moreover, there is no support in

4

the record for Azala's contention that the IJ's incorrect eligibility finding affected the alternative conclusion that he did not warrant a waiver as a matter of discretion. The IJ considered appropriate factors in her discretionary denial. *See In re Tijam*, 22 I. & N. Dec. 408, 412-17 (BIA 1998) (listing factors). The IJ recognized Azala's long residence in United States, lack of criminal record, history of consistently paying taxes, "stable employment history," and "essential support to his wife and child," but found that he did not warrant a favorable exercise of discretion because his fraud and incredible testimony were "serious adverse factor[s]." Supp. J. App'x at 613; s*ee In re Tijam,* 22 I. & N. Dec. at 414 (observing that "false testimony under oath . . . is . . . considered an extremely serious adverse factor," even when that fraud is the basis for the waiver sought); *see also United States v. Garcia*, 166 F.3d 519, 522 (2d Cir. 1999) (rejecting effort to "dress up" a "poorly disguised attack on the merits" by "couching [an] appeal in constitutional terms") (citation omitted).

Second, the record does not support Azala's argument that the IJ denied him due process by discouraging testimony from his current wife and employer. Azala's counsel conceded that these witnesses would not add any new information concerning the bona fides of Azala's first marriage and did not ask to have them testify on any other issue. Further, Azala has not shown that he was prejudiced by their not testifying because the IJ recognized his steady employment and that he was a "caring father and husband," but found that his marriage fraud outweighed the equities in his

5

favor.   Supp. J. App'x at 613; *see also Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (petitioner must show prejudice to make out a due process violation).

Finally, Azala's argument that the agency failed to adequately consider conditions in Algeria and other evidence of hardship to his wife and children in deciding whether to grant a fraud waiver is unexhausted.   *See Brito v. Mukasey*, 521 F.3d 160, 164 (2d Cir. 2008) ("[W]hile not jurisdictional, issue exhaustion is mandatory. Indeed, in order to preserve an issue for review by this Court, the petitioner must not only raise it before the BIA, but do so with specificity.").   On appeal to the BIA, he stated that "the IJ did not fully consider the hardships that [Azala's] family would face," but he failed to specify any evidence that the IJ ignored and, although Azala presented new hardship evidence in his motions to reopen, he did not claim that previously presented evidence was ignored.   J. App'x at 19.

## II.    Motions to Reopen

We review the denial of a motion to reopen for abuse of discretion.   *See Debeatham v. Holder*, 602 F.3d 481, 484 (2d Cir. 2010).   "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."   8 C.F.R. § 1003.2(c)(1).   The BIA may also deny a motion to reopen for failure to demonstrate entitlement to the discretionary relief sought.   *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

Here, the BIA did not abuse its discretion in denying Azala's first motion to reopen because it acknowledged his new evidence (concerning his children, his and his wife's employment, his deepening community ties, his parents' death, and worsening Algerian country conditions), but was "not persuaded that the new evidence would meet [Azala's] 'heavy burden' of showing that it is likely that the result would change if proceedings were reopened."   Supp. J. App'x at 112 (quoting *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (holding that alien has "'heavy burden' of demonstrating that the proffered new evidence would likely alter the result" and noting Supreme Court's analogy to "burden faced by . . . criminal defendant moving for new trial")).   The BIA's conclusion was reasonable given that the IJ had already recognized Azala's strong positive equities, but based her discretionary denial on the weight of Azala's intentional fraud and incredible testimony.   Finally, we decline to reach the issue of whether Azala's second motion to reopen was number barred because the BIA also found that reopening was not warranted for the reasons stated in denying the prior motion.   *See id.*

For the foregoing reasons, the petitions for review are **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7